UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NADINE MCKENZIE, individually; as parent, :
legal guardian and natural guardian of Plaintiff's :
decedent SHAMOYA MCKENZIE; and as :
Administratrix of the Estate of Plaintiff's decedent :
SHAMOYA MCKENZIE, :
               Plaintiff, :
:
v. :
:
THE CITY OF MOUNT VERNON; DAVID :
HARDY; MARQUIS COLLIER; JERMAINE :
HUGHLEY; SINCERE SAVOY; ANTHONY :
MCEACHIN, individually and in his official :
capacity; MICHAEL MARCUCILLI, individually :
and in his official capacity; DERRICK A. :
WILLIAMS, individually and in his official :
capacity; and "JOHN DOES" and "JANE DOES," :
names being fictitious intended to be first :
responders, police, police :
employees/personnel/officers of the City of Mount :
Vernon, emergency medical service staff, :
emergency medical service personnel, :
administration, emergency medical service :
administration personnel of the City of Mount :
Vernon, The City of Mount Vernon Police :
Department, and Empress Medical Services, :
               Defendants. :
--------------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

18 CV 603 (VB)

Briccetti, J.:

      Before the Court is Magistrate Judge Andrew E. Krause's Report and Recommendation ("R&R"), dated November 12, 2024 (Doc. #147), pursuant to an order of reference for an inquest after default and damages hearing (Doc. #135).

      The parties' familiarity with the factual and procedural background of this case is presumed.

      On January 12, 2023, the Court entered default judgment as to liability only against defendants David Hardy, Marquis Collier, Jermaine Hughley, and Sincere Savoy (together, the

1

"Defaulting Defendants") (Doc. #134), and referred the matter to Judge Krause for purpose of an inquest and damages hearing (Doc. #135). On June 9, 2024, Judge Krause conducted an inquest hearing, at which plaintiff appeared, testified, and presented evidence. (Doc. #146-1).

Judge Krause recommended plaintiff be awarded a total of $9,625,000, plus post-judgment interest, on her claim for Shamoya McKenzie's conscious pain and suffering. This recommended award consists of: (i) $1,750,000 in compensatory damages against the Defaulting Defendants, jointly and severally; and (ii) $7,875,000 in punitive damages, allocated among the individual Defaulting Defendants as follows—$2,625,000 as against Hardy, $1,750,000 as against Collier, $1,750,000 as against Hughley, and $1,750,000 as against Savoy. (Doc. #147). Judge Krause also declined to recommend an award of damages for plaintiff's claim for wrongful death or her claim for assault and battery. (Id.).

For the reasons set forth below, the Court agrees. Accordingly, the R&R is adopted as the opinion of the Court, and plaintiff is awarded damages in the amount of $9,625,000, plus post-judgment interest.

I.      Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted "[w]ithin fourteen days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P. 6(d). In the absence of objections, a magistrate judge's report and recommendation is reviewed for clear error. Fed. R. Civ. P. 72(b).

The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. Fed. R. Civ. P. 72(b); see also Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

II.  Application

On November 12, 2024, Judge Krause issued the R&R. (Doc. #147). On November 20, 2024, copies of the R&R were mailed to the Defaulting Defendants at their places of incarceration. (Doc. #148). To date, the Court has received no objections to the R&R.

Because no one has objected to Judge Krause's thorough and well-reasoned R&R, the Court has reviewed the R&R for clear error. Finding no error, clear or otherwise, the Court adopts the R&R and awards plaintiff damages as recommended.

## CONCLUSION

The Court adopts the R&R in its entirety as the opinion of the Court.

The Clerk is instructed to enter Judgment for plaintiff in the amount of:

1. $1,750,000 in compensatory damages against defendants David Hardy, Marquis Collier, Jermaine Hughley, and Sincere Savoy, jointly and severally;

2. $2,625,000 in punitive damages against defendant David Hardy;

3. $1,750,000 in punitive damages against defendant Marquis Collier;

4. $1,750,000 in punitive damages against defendant Jermaine Hughley;

5. $1,750,000 in punitive damages against defendant Sincere Savoy; and

6. Post-judgment interest pursuant to 28 U.S.C. § 1961, calculated from the date the Clerk of Court enters judgment in this action until the date of payment.

The Clerk is further instructed to close this case.

Chambers will mail a copy of this Order to the Defaulting Defendants.

Dated: December 20, 2024
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge