UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NADINE MCKENZIE, individually; as parent, :
legal guardian and natural guardian of Plaintiff's :
decedent SHAMOYA MCKENZIE; and as :
Administratrix of the Estate of Plaintiff's decedent :
SHAMOYA MCKENZIE, :
              Plaintiff, :
 :
v. :
 :
THE CITY OF MOUNT VERNON; DAVID :
HARDY; MARQUIS COLLIER; JERMAINE :
HUGHLEY; SINCERE SAVOY; ANTHONY :
MCEACHIN, individually and in his official : **ORDER**
capacity; MICHAEL MARCUCILLI, individually :
and in his official capacity; DERRICK A. : 18 CV 603 (VB)
WILLIAMS, individually and in his official :
capacity; and "JOHN DOES" and "JANE DOES," :
names being fictitious intended to be first :
responders, police, police :
employees/personnel/officers of the City of Mount :
Vernon, emergency medical service staff, :
emergency medical service personnel, :
administration, emergency medical service :
administration personnel of the City of Mount :
Vernon, The City of Mount Vernon Police :
Department, and Empress Medical Services, :
              Defendants. :
------------------------------------------------------------------x

Briccetti, J.:

      By Order dated December 20, 2024 (Doc. #149), the Court adopted Magistrate Judge Andrew E. Krause's November 12, 2024, Report and Recommendation (Doc. #147 ("R&R")) and awarded plaintiff Nadine McKenzie compensatory and punitive damages against defendants David Hardy, Marquis Collier, Jermaine Hughley, and Sincere Savoy (together, the "Defaulting Defendants"). Judgment was entered against the defaulting defendants that same day. (Doc. #150). The Court has since received objections to the R&R from defendant Hardy (Doc. #151), and a letter from defendant Savoy requesting "time to respond and defend myself" (Doc. #152).

1

For the reasons set forth below, the Court overrules Hardy's objections and denies Savoy's request, and thus the Court will not disturb the Judgment entered on December 20, 2024.

The parties' familiarity with the factual and procedural background of this case is presumed.

**BACKGROUND**

On January 12, 2023, the Court entered default judgment, as to liability only, against the Defaulting Defendants (Doc. #134), and referred the matter to Magistrate Judge Krause for purpose of an inquest and damages hearing (Doc. #135). On June 9, 2024, Judge Krause conducted an inquest hearing, at which plaintiff appeared, testified, and presented evidence. (Doc. #146-1).

On November 12, 2024, Judge Krause issued an R&R recommending that plaintiff be awarded a total of $9,625,000, plus post-judgment interest, on her claim for Shamoya McKenzie's conscious pain and suffering. (Doc. #147). This recommended award consists of: (i) $1,750,000 in compensatory damages against the Defaulting Defendants, jointly and severally; and (ii) $7,875,000 in punitive damages, allocated among the individual Defaulting Defendants as follows—$2,625,000 as against Hardy, $1,750,000 as against Collier, $1,750,000 as against Hughley, and $1,750,000 as against Savoy. Judge Krause also declined to recommend an award of damages for plaintiff's claim for wrongful death or her claim for assault and battery. On November 20, 2024, plaintiff's counsel served the Defaulting Defendants with copies of the R&R via Certified Mail at their places of incarceration. (Doc. #148).

On December 20, 2024, having received no objections, and finding no error, clear or otherwise, the Court adopted the R&R in its entirety and awarded plaintiff damages as

recommended, and instructed the Clerk to enter judgment in the amounts recommended by Judge Krause. (Doc. #149). The Clerk entered Judgment that day. (Doc. #150).

On January 6, 2025, the Court received a letter from defendant Hardy objecting to the R&R. Hardy claims he was served with the R&R on December 30, 2024. (Doc. #151). He further claims he was never appointed or contacted by legal counsel regarding this matter, and never notified about the Court's entry of default judgment as to liability. In addition, Hardy objects to the R&R on the grounds that (i) Nadine McKenzie has identified both Hardy and co-defendant Sincere Savoy as the shooter and primary or sole cause of Shamoya McKenzie's death, and (ii) Nadine McKenzie raised money and received donations in honor of Shamoya and in order to pay for her funeral and burial.

On January 14, 2025, the Court received a letter from defendant Savoy. (Doc. #152). Savoy states that he received the Court's order adopting the R&R on December 31, 2024, and wanted to bring to the Court's attention that he "was under the impression" that he had a lawyer defending him in this case, and that he "had no idea that I have to represent myself or hire a lawyer to defend my interests." (Id.). Savoy also states that when he read prior filings in this case, he thought they were referring to his lawyers, but now understands it was in reference to lawyers for other defendants. Savoy thus requests the Court give him additional time to respond and defend himself.

## DISCUSSION

I.      Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and

3

recommendation, but they must be "specific[,] written," and submitted "[w]ithin fourteen days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P. 6(d). In the absence of objections, a magistrate judge's report and recommendation is reviewed for clear error. Fed. R. Civ. P. 72(b).

The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. Fed. R. Civ. P. 72(b); see also Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

When a party objects, the district court reviews the portions of the report and recommendation to which a party has objected under a de novo review standard, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, "considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and the Second Circuit has upheld the exercise of the district court's discretion in refusing to allow supplementation of the record." Azkour v. Little Rest Twelve, Inc., 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (citing Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998)).

II.   Hardy's Objections

As an initial matter, Hardy claims he was not served with the R&R until December 30, 2024. However, plaintiff submitted an affidavit of service indicating that on November 20, 2024, a copy of the R&R was mailed to Hardy at USP Canaan via Certified Mail. (Doc. #148). Moreover, the Court's independent review of the tracking information indicates a copy of the

4

R&R was delivered to Hardy's place of incarceration on November 23, 2024. The Court is thus not inclined to consider Hardy's objection as if it were timely filed.

Similarly, the Court could refuse to consider Hardy's objections because he failed to present them to Judge Krause. District courts "generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." Azkour v. Little Rest Twelve, Inc., 2012 WL 1026730, at *2. Hardy was served with notice of the scheduling orders regarding the inquest hearing before Judge Krause (Doc. #142), yet failed to appear or present any evidence. The Court sees no compelling justification for failing to present such evidence, and so could simply refuse to consider it.

However, even if Hardy's objection had been timely filed, and even if he had raised his objections to Judge Krause, a de novo review of the record reveals no error in the R&R, clear or otherwise.

First, Hardy claims he did not receive proper due process in this matter because he was never notified of the Court's entry of default judgment as to liability and because he did not receive legal representation in this matter. The record is clear that Hardy was properly served with the amended complaint, the amended order to show cause, the Court's entry of default judgment as to liability, scheduling orders regarding the inquest hearing, and the R&R. (Docs. ##112, 127, 137, 142, 145, 148). Moreover, "[u]nlike in criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel." Henry v. City of New York, 2019 WL 13115210, at *1 (S.D.N.Y. Mar. 8, 2019) (citing Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986)). Rather, Hardy has neither a constitutional nor a statutory right to counsel in this civil matter. See Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 453 (2d Cir.

2013).  Although the Court may designate a case as deserving of counsel willing to take on the matter on a pro bono basis, it sees no reason to do so here given the late posture of the case, the fact that the Court has already found no error whatsoever in the R&R, and, as discussed below, Hardy's position is not "likely to be of substance."  Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Accordingly, Hardy's first arguments are without merit.

Second, Hardy objects to the R&R on the basis that Nadine McKenzie identified both him and Sincere Savoy as the shooter and primary or sole cause of Shamoya McKenzie's death.  However, this fact (even if true) is irrelevant.  Plaintiff alleged Hardy fired the bullet that struck and killed Shamoya.  (Doc. #85 ¶ 48).  In addition, plaintiff alleged Hardy, who pleaded guilty to federal criminal charges in connection with the shooting and was sentenced to 372 months in prison, was sentenced to 48 months more than both Collier and Hughley and 108 months more than Savoy, indicating Hardy's heightened culpability compared to the other defendants here.  (Id. ¶¶ 148–51).  Moreover, Hardy provides no evidence that Nadine McKenzie actually did identify Savoy as the shooter at any point.  Accordingly, Judge Krause committed no error in finding that Hardy was the shooter and thus more culpable than the other Defaulting Defendants.

Third, Hardy's objection that Nadine McKenzie raised money and received donations in honor of Shamoya and in order to pay for her funeral and burial has no bearing on this case.  Construing Hardy's objection on the grounds that plaintiff is not entitled to a full award of compensatory damages because plaintiff has already recovered for some damages, he is incorrect.  As an initial matter, Judge Krause awarded compensatory damages based on "Shamoya's conscious pain and suffering prior to her death" (R&R at 11), not to pay for Shamoya's funeral and burial.  Moreover, the generosity of others does not limit plaintiff's ability to recover damages here, as "a personal injury award may not be reduced or offset by the

amount of any compensation that the injured person may receive from a source other than the tortfeasor." Oden v. Chemung County Indus. Dev. Agency, 87 N.Y.2d 81, 85 (1995). Accordingly, Judge Krause committed no error in this regard either.

Finally, Hardy claims Nadine McKenzie experienced a fire at her home after several fundraisers hosted and attended by Richard Thomas, the former mayor of Mount Vernon who has pleaded guilty to misdemeanor campaign finance violations. These contentions, even if true, have no connection to the award of damages here and provide no basis for any valid objection to the R&R. Similarly, Hardy's claim that Thomas allegedly "aid[ed] and abet[ted] corrupt Mount Vernon detectives enabling them to unjusticely [sic] rob alleged drug dealers of their funds while in the process charging and at time convicting and sentencing innocent citizens of false charges for their own personal gains" (Doc. #151 at 5), has no bearing on Judge Krause's ruling as to damages.

Accordingly, Hardy's objections are overruled.

III.   Savoy's Request

Savoy requests an extension of time for him to defend himself in this action because he "was under the impression that I have a lawyer who is defending me in this case" and "I had no idea that I have to represent myself or hire a lawyer." (Doc. #152). As discussed above, Savoy had neither a constitutional nor a statutory right to counsel in this civil matter. Guggenheim Capital, LLC v. Birnbaum, 722 F.3d at 453. Savoy's ignorance as to his need to represent himself or hire someone to do so does not provide a compelling reason to reopen plaintiff's more than six-year-old case, particularly given the Court's previous ruling that the R&R contained no error, clear or otherwise. Accordingly, Savoy's request is denied.

## CONCLUSION

Hardy's objections are OVERRULED.

Savoy's request is DENIED.

The Court's previous order adopting the R&R in its entirety as the opinion of the Court (Doc. #149), as well as the Judgment (Doc. #150), shall remain undisturbed.

Chambers will mail a copy of this Order to the Defaulting Defendants, at the following addresses:

    David Hardy, Reg. No. 79846-054
    USP Allenwood
    U.S. Penitentiary
    P.O. Box 3000
    White Deer, PA  17887

    Sincere Savoy, Reg. No. 79845-054
    FCI Oxford
    Federal Correctional Institution
    P.O. Box 1000
    Oxford, WI  53952

    Marquis Collier, Reg. No. 79675-054
    USP Victorville
    U.S. Penitentiary
    P.O. Box 3900
    Adelanto, CA 92301

Jermaine Hughley, Reg. No. 79848-054
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525

Dated: February 25, 2025
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge